# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

**FILED**
**12 2009**
US District Court
District of Wyoming
US Magistrate

**UNITED STATES OF AMERICA**

V.

**CRIMINAL COMPLAINT**

**OLEG ODINTSOV and**
**ANNA KARNAUKHOVA**

Case No. _____ 09M142-D _____

I, John Estes, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

*(Complaint Continued - See Attachment A)*

I further state that I am a Special Agent with Homeland Security, Immigration and Customs Enforcement and that this Complaint is based on the following facts:

*(Affidavit Continued - See Attachment B)*

Continued on the attached sheet and made a part hereof: **XX** Yes _____ No

Signature of Complainant
**John Estes**

Sworn to before me and subscribed in my presence,

**August 12, 2009** at **Casper, Wyoming**
Date                                              City and State

**James K. Lubing**
**United States Magistrate Judge**

Name & Title of Judicial Officer         Signature of Judicial Officer

## COMPLAINT - Attachment A
(OLEG ODINTSOV and ANNA KARNAUKHOVA)

On or between December 2007 and continuing to the date of this criminal complaint, in the District of Wyoming and elsewhere, the Defendants, OLEG ODINTSOV and ANNA KARNAUKHOVA, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with others known and unknown, to commit offenses against the United States, to wit, to knowingly and unlawfully entering into marriages with U.S. Citizens for the purpose of evading a provision of the immigration laws of the United States in violation of 8 U.S.C. § 1325(c).

In furtherance of the conspiracy and for the purpose of accomplishing the objects thereof, the Defendants committed the following overt acts:

1. On or about October 28, 2005, the Defendant, ANNA KARNAUKHOVA, with an expired J-1 Student visa failed to depart the United States as required by law.

2. On or about December 17, 2007, the Defendant, ANNA KARNAUKHOVA married a known but unidentified U.S. citizen for the purpose of evading the immigration laws of the United States.

3. On or about October 28, 2005, the Defendant, OLEG ODINTSOV, with an expired J-1 Student visa failed to depart the United States as required by law.

4. On or about August 2, 2008, the Defendant, ANNA KARNAUKHOVA, introduced the Defendant, OLEG ODINTSOV to her co-worker, a known but unidentified U.S. citizen.

5. On or about August 9, 2008, the Defendant, OLEG ODINTSOV proposed to the known but unidentified U.S. citizen and on or about August 14, 2008, the Defendant, OLEG ODINTSOV married the known but unidentified U.S. citizen for the purpose of evading the immigration laws of the United States.

In violation of 18 U.S.C. § 371.

## COUNT TWO

On or about December 17, 2007, in the District of Wyoming, the Defendant, ANNA KARNAUKHOVA, an alien in the United States, did knowingly and unlawfully enter into marriage for the purpose of evading a provision of the immigration laws of the United States.

In violation of 8 U.S.C. § 1325(c).

## COUNT THREE

On or about August 14, 2008, in the District of Wyoming, the Defendant, OLEG ODINTSOV, an alien in the United States, did knowingly and unlawfully enter into marriage for the purpose of evading a provision of the immigration laws of the United States.

In violation of 8 U.S.C. § 1325(c).

## COUNT FOUR

On or about May 12, 2008, in the District of Wyoming, the Defendant, OLEG ODINTSOV, being an illegal alien and unlawfully in the United States, knowingly possessed a firearm, to wit: an ARMS Corp. AK-47/22, semi-automatic .22 caliber rifle, which had previously traveled in and affected interstate commerce.

In violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).

## COMPLAINT - Attachment B

### CONTINUATION OF COMPLAINT
### AFFIDAVIT OF SA ESTES

1.      Your affiant, John E. Estes, is a Special Agent (SA) of the Department of Homeland Security, Immigration and Customs Enforcement (ICE), and has been employed by ICE as a Special Agent for since August 18, 2008. Your affiant is a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, Glynco, Georgia. Your affiant possesses a Bachelor of Arts degree in Criminal Justice from the University of Northern Colorado. Your affiant, based on training and experience in the investigation and enforcement of Federal laws, has reason to believe that **Anna Karnaukhova**, an alien, illegally remained in the United States on or after October 27, 2005; that **Anna Karnaukhova** conspired with **Oleg Odintsov** to enter into a fraudulent marriage with Russell Hazelwood for purpose of avoiding Immigration Laws; that **Oleg Odintsov**, an alien, illegally remained in the United States on or after October 29, 2005; and that **Oleg Odintsov** entered into a fraudulent marriage with Ashly Odintsova for the purpose of avoiding Immigration Laws; and that **Oleg Odintsov** illegally possessed a firearm as an illegal alien present in the United States.

2.      Specifically, on July 10, 2008, SA Jim Hasskamp obtained information that Russell Bernard Hazelwood of Jackson Hole, Wyoming, had fraudulently married Anna **Karnaukhova**, an unlawful alien within the United States, solely for the purposes of allowing **Karnaukhova** to remain in the U.S. and not out of any mutual love or affection for each other. SA Hasskamp further learned that **Karnaukhova** is actually the girlfriend of **Oleg Odintsov** and that **Odintsov** had asked Hazelwood to marry **Karnaukhova** so that she could eventually become a U.S. citizen. SA Hasskamp further learned that once **Karnaukhova** became a citizen, she would divorce Hazelwood and then marry **Odintsov**. **Odintsov** had apparently married Ashly Odintsova with the sole purpose of obtaining U.S. citizenship and he would divorce his wife upon obtaining citizenship so he could marry Karnaukhova.

3.      You affiant further learned that on May 12, 2008, a detective from the Jackson Hole Police Department had gone to **Odintsov**'s residence in Jackson Hole. **Odintsov** stated that he was a citizen of Russia, who was legally within the United States but did not have his passport because it was in a vehicle that was being driven by Anna **Karnaukhova**. **Odintsov** admitted that **Karnaukhova** was living with him. The Detective further noticed that there were items in plain view that was consistent with **Odintsov** and **Karnaukhova** cohabitating. Additionally, the Detective saw in plain view an AK-47 rifle within the residence. **Odintsov** denied owning the rifle and claimed that it had suddenly appeared in his residence. The firearm was seized since **Odintsov** claimed that it was not his.

4. Subsequently, on May 12, 2008, SA Matt Long, ATF, a Firearms Nexus Expert, identified the firearm found in **Odintsov**'s possession as an ARMS Corp. AK-47/22, chambered in .22 caliber, bearing serial number AP226425, manufactured in the Philippines. SA Long also determined that the firearm functioned as designed. Because the firearm was manufactured outside the State of Wyoming, it was transported in interstate commerce prior to being found in **Odintsov**'s possession.

5. On July 10, 2008, SA Hasskamp and other law enforcement officers spoke with Hazelwood at his residence in Jackson, Wyoming, who admitted to marrying **Karnaukhova** in December of 2007 in Wells, Nevada. Hazelwood further admitted that the reason was so that he could travel to Russia and so that **Karnaukhova** could stay in the United States. While speaking with Hazelwood, SA Hasskamp noticed a conspicuous absence of any marriage photos, female items or items evidencing cohabitation or a romantic relationship between Hazelwood and **Karnaukhova** within the residence.

6. Thereafter, On July 11, 2009 Oleg Odintsov was arrested by Jackson, Wyoming Police on charges of Family Violence. Subsequently, on July 30, 2009, SA Judy Chilen, Federal Bureau of Investigation (FBI), interviewed Ashly Odintsova, wife of **Oleg Odintsov**. Mrs. Odintsova stated that Anna **Karnaukhova**, a co-worker, had introduced her to **Oleg Odintsov**. Mrs. Odintsova stated that **Karnaukhova** introduced her to **Oleg Odintsov** on August 2, 2008 and that **Oleg Odintsov** proposed to her 7 days later, on August 9, 2008. Five days later, on August 14, 2008, they got married in Jackson Hole. Mrs. Odintsov indicated that **Oleg Odintsov** married her for the sole purpose of remaining in the United States. Mrs. Odintsova stated **Oleg Odintsov** had forced her to work on immigration paperwork for **Karnaukhova**, which Mrs. Odintsova believed to be fraudulent. Mrs. Odintsova indicated she had asked **Oleg Odintsov** about having an AK type of firearm. **Oleg Odintsov** initially denied having a firearm but later admitted to having one.

7. Thereafter, on August 5, 2009, your affiant conducted a query of the Consular Consolidated Database (CCD), United States Department of State, which maintains records of Non-Immigrant Visas (NIV). The CCD reflected **Karnaukhova** was issued a J-1 Student Exchange Visa on March 9, 2005 under Visa Control Number 2005060 819 0002. This Visa, however, expired on September 28, 2005 and, as a result, **Karnaukhova** had a 30 calendar-day period after the expiration date of the Visa to depart the United States.

8.   Your affiant also queried the Treasury Enforcement Communication System (TECS) for any Form I-94, Record of Arrival/Departure, as it relates to **Karnaukhova**. TECS reflected that **Karnaukhova** entered the United States via a Russian Passport, number xxxxx175 on May 26, 2005. However, there was no departure record evidencing that **Karnaukhova** had ever departed from the U.S. after her visa expired.

9.   Your affiant also queried the United States Citizenship and Immigration Services (CIS) database. CIS show no evidence that **Karnaukhova** had applied for or was granted an extension of her period of admission. CIS did contain a Form I 485, Petition to Register Permanent Residence or Adjust Status, dated January 4, 2008. However, this application was rejected due to an incorrect or missing application fee.

10.  Your affiant further reviewed the Form I-130, Petition for an Alien Relative and Form G-325, Biographical Information as it relates to the marriage of Hazelwood and **Karnaukhova**. The G-325 lists a marriage between Russell Hazelwood and Anna **Karnaukhova** on December 17, 2007 in Elko, Nevada. Both Forms I-130 and G-325 bear original signatures of Karnaukhova.

11.  On August 5, 2009, your affiant conducted queries of **Oleg Udintsov** within several databases to determine his status. The CCD shows that **Odintsov** was issued a J-1 Student Exchange Visa on April 12, 2005 under Visa Control Number 2005088 288 0022. This Visa, however, expired on September 30, 2005 and, as a result, **Odintsov** had a 30 calendar-day period after the expiration date of the Visa to depart the United States.

12.  Additionally, during July 2009, SA Hasskamp obtained information from a confidential source (CS) of information. The CS confirmed that **Oleg Odintsov** had approached Hazelwood about marrying **Odintsov**'s girlfriend, Anna **Karnaukhova**, so that she could get her green card and eventually become a United States citizen. The CS further informed SA Hasskamp that Hazelwood was not romantically involved with **Karnaukhova** and that they were not cohabitating together, and that the marriage was solely for the purposes of preventing **Karnaukhova** from being deported.

13.  Finally, during August 2009, your affiant conducted a query of the CIS database as it would pertain to Form I-485, petition to register permanent residence or adjust status. The CIS database reflected no petitions pertaining to **Oleg Odintsov** as beneficiary, based on his marriage to Ashly Odintsova.

Based on the foregoing facts, your affiant believes that violations of Title 8, United States Code, Section 1325(c) and Title 18 United States Code, Section 371 have been committed by the defendant, Anna **Karnaukhova**; and Title 8, United States Code, Section 1325(c), Title 18 United States Code, Section 922(g) (5) (A), and Title 18 United States Code, Section 371 have been committed by the defendant, **Oleg Odintsov.**

Signature of Complainant
John E. Estes

Sworn to before me and subscribed in my presence,

**August 12, 2009**     at     **Jackson Hole, Wyoming**

Date                             City and State

**James K. Lubing**
**United States Magistrate Judge**

Name & Title of Judicial Officer                    Signature of Judicial Officer

-7-

## PENALTY SUMMARY

**DATE:** August 12, 2009

**DEFENDANT NAME:** Oleg Odintsov

**VICTIM:** NO

**OFFENSE AND PENALTIES:**

| | | |
|---|---|---|
| OFFENSE: | Ct. 1: | 18 U.S.C. § 371<br>(Conspiracy to Evade Immigration Laws through Marriage Fraud) |
| PENALTIES: | | 0-5 YEARS IMPRISONMENT<br>$250,000 FINE<br>3 YEARS SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT |
| OFFENSE: | Ct. 3: | 8 U.S.C. § 1325 (c)<br>(Evading the Immigration Laws through Marriage Fraud) |
| PENALTIES: | | 0-5 YEARS IMPRISONMENT<br>$250,000 FINE<br>3 YEARS SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT |
| OFFENSE: | Ct. 4: | 18 U.S.C. §§ 922(g)(5) and 924(a)(2)<br>(Illegal Alien in Possession of a Firearm) |
| PENALTIES: | | 0-10 YEARS IMPRISONMENT<br>$250,000 FINE<br>3 YEARS SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT |
| TOTALS: | | 0-20 YEARS IMPRISONMENT<br>$750,000 FINE<br>3 YEARS SUPERVISED RELEASE<br>$300 SPECIAL ASSESSMENT |

**AGENT:** SA JOHN ESTES/ICE **AUSA:** DARRELL L. FUN

**ESTIMATED TIME OF TRIAL:** **INTERPRETER NEEDED:**

✓  five days or less      ✓  Yes
\_\_\_ over five days      \_\_\_ No
\_\_\_ other

**THE GOVERNMENT:**

✓  will      \_\_\_ The court should not grant bond because the defendant is not bondable because there are detainers from other jurisdictions

\_\_\_ will not

**SEEK DETENTION IN THIS CASE.**

## PENALTY SUMMARY

**DATE:** August 7, 2009

**DEFENDANT NAME:** Anna Karnaukhova

**VICTIM:** NO

**OFFENSE AND PENALTIES:**

**OFFENSE:** Ct. 1: 18 U.S.C. § 371
(Conspiracy to Evade Immigration Laws through Marriage Fraud)

**PENALTIES:** 0-5 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**OFFENSE:** Ct. 2: 8 U.S.C. § 1325 (c)
(Evading the Immigration Laws through Marriage Fraud)

**PENALTIES:** 0-5 YEARS IMPRISONMENT
$250,000 FINE
3 YEARS SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**TOTALS:** 0-10 YEARS IMPRISONMENT
$500,000 FINE
3 YEARS SUPERVISED RELEASE
$200 SPECIAL ASSESSMENT

**AGENT:** SA JOHN ESTES/ICE    **AUSA:** DARRELL L. FUN

**ESTIMATED TIME OF TRIAL:**    **INTERPRETER NEEDED:**

✓ five days or less    ✓ Yes
___ over five days    ___ No
___ other

**THE GOVERNMENT:**

✓ will

___ will not

**SEEK DETENTION IN THIS CASE.**

___ The court should not grant bond because the defendant is not bondable because there are detainers from other jurisdictions

## PENALTY SUMMARY

DATE:                     August 12, 2009

DEFENDANT NAME:           Anna Karnaukhova

VICTIM:                   NO

**OFFENSE AND PENALTIES:**

OFFENSE:       Ct. 1:     18 U.S.C. § 371
                          (Conspiracy to Evade Immigration Laws through Marriage Fraud)

PENALTIES:                0-5 YEARS IMPRISONMENT
                          $250,000 FINE
                          3 YEARS SUPERVISED RELEASE
                          $100 SPECIAL ASSESSMENT

OFFENSE:       Ct. 2:     8 U.S.C. § 1325 (c)
                          (Evading the Immigration Laws through Marriage Fraud)

PENALTIES:                0-5 YEARS IMPRISONMENT
                          $250,000 FINE
                          3 YEARS SUPERVISED RELEASE
                          $100 SPECIAL ASSESSMENT

TOTALS:                   0-10 YEARS IMPRISONMENT
                          $500,000 FINE
                          3 YEARS SUPERVISED RELEASE
                          $200 SPECIAL ASSESSMENT

AGENT:     SA JOHN ESTES/ICE            AUSA:     DARRELL L. FUN

ESTIMATED TIME OF TRIAL:                INTERPRETER NEEDED:

✓  five days or less                    ✓  Yes
___ over five days                      ___ No
___ other

THE GOVERNMENT:

✓  will                                 ___ The court should not grant bond
                                            because the defendant is not bondable
___ will not                                because there are detainers from other
                                            jurisdictions
    SEEK DETENTION IN THIS
CASE.